Bruno J. Jagelski, OSB #903049
bjagelski@yturrirose.com
YTURRI ROSE LLP
89 SW Third Avenue
P.O. Box "S"
Ontario, Oregon  97914
Telephone:      (541) 889-5368
Facsimile:      (541) 889-2432
   Of Attorneys for Defendants

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PENDLETON DIVISION

| | |
|---|---|
| **DOUGLAS WILLIAMS**, | Case No. 2:15-cv-01760-SU |
| Plaintiff, | |
| v. | STIPULATED PROTECTIVE ORDER |
| **GRANT COUNTY, et al.**, | |
| Defendants. | |

The parties to this action stipulate and agree that the production of information between them contains confidential and personal information subject to protection against unrestricted disclosure and use.  Based upon the stipulation of the parties, and the Court being duly advised,

IT IS HEREBY ORDERED as follows.

1.   All documents, testimony, and other materials produced by the parties in this case and labeled "Confidential" or "Attorneys' Eyes Only" shall be used only in this proceeding.

2. Use of any information or documents labeled "Confidential" or "Attorneys' Eyes Only" and subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by any party for any other purpose. This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this litigation. Should a dispute arise as to any specific information or document, the burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this litigation.

3. The parties, and third parties subpoenaed by one of the parties, may designate as "Confidential" or "Attorneys' Eyes Only" documents, testimony, written responses, or other materials produced in this case if they contain information that the producing party has a good faith basis for asserting is confidential under the applicable legal standards. The party shall designate each page of the document with a stamp identifying it as "Confidential" or "Attorneys' Eyes Only," if practical to do so.

4. If portions of documents or other materials deemed "Confidential" or "Attorneys' Eyes Only" or any papers containing or making reference to such materials are filed with

Page 2 – STIPULATED PROTECTIVE ORDER

the Court, they shall be filed under seal and marked as follows or in substantially similar form:

>CONFIDENTIAL *or* ATTORNEYS' EYES ONLY
>
>IN ACCORDANACE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 6 OF THE PROTECTIVE ORDER.

    5.  "Confidential" or "Attorneys' Eyes Only" information and documents subject to this Protective Order shall not be filed with the Court or included in whole or in port in pleadings, motions, briefs, etc., filed in this case, except when any portion(s) of such pleadings, motions, briefs, etc., have been filed under seal by counsel and marked in the same manner as described in paragraph 4 above. Such sealed portion(s) of pleadings, motions, briefs, documents, etc., shall be opened only by the Court or by personnel authorized to do so by the Court.

    6.  Use of any information, documents, or portions of documents marked "Confidential" or "Attorneys' Eyes Only," including all information derived therefrom, shall be restricted solely to the parties, their attorneys and expert witnesses, all of whom agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court.

7. The inadvertent failure to designate a document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only" prior to disclosure shall not operate as a waiver of the party's right to later designate the document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only."

8. Upon the request of the producing party or third party, within 30 days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any person authorized by this Protective Order to receive confidential information shall return to the producing party or third party, or destroy, all information and documents subject to this Protective Order. Returned materials shall be delivered in sealed envelopes marked "Confidential" to respective counsel.

9. This Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony or other information.

10. Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

The restrictions on disclosure and use of confidential information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

SO STIPULATED this 19th day of January, 2016.

```
/s/ Lynn S. Walsh                  /s/ Bruno J. Jagelski
Lynn S. Walsh, OSB #924955         Bruno J. Jagelski, OSB #903049
Attorney for Plaintiff             Attorney for Defendants
209 SW Oak Street, Suite 400       Yturri Rose LLP
Portland, Oregon  97204            P.O. Box "S"
                                   Ontario, Oregon  97914
```

_____

The Court, having reviewed the Stipulation of the parties, finds that there is good cause to protect the confidential nature of certain information. Accordingly, the Court adopts the above Stipulated Protective Order in this action.

**IT IS SO ORDERED.**

DATED this _____ day of _____, 2016.

_____
THE HONORABLE PATRICIA SULLIVAN