Bruno J. Jagelski, OSB #903049
bjagelski@yturrirose.com
YTURRI ROSE LLP
89 SW Third Avenue
P.O. Box "S"
Ontario, Oregon 97914
Telephone:    (541) 889-5368
Facsimile:    (541) 889-2432
   Of Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| **DOUGLAS WILLIAMS,** | Case No. 2:15-cv-01760-SU |
| Plaintiff, | |
| v. | **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES** |
| **GRANT COUNTY, et al.,** | |
| Defendants. | **DEMAND FOR JURY TRIAL** |

Defendants, by and through their attorneys of record, Yturri Rose LLP, answer Plaintiff's Complaint as follows:

1. Except as specifically admitted in this Answer, defendants deny each and every allegation of Plaintiff's Complaint for the reason that the allegations are improper pleading of evidence; or that the allegations are not true or they fail to comply with FRCP 8 or that Defendants do not have

Page 1 - DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

(442015.0/21Sep16/d2/mp)

sufficient information to form a belief as to the truth or falsity of the allegations and therefore, must deny them at this time.

2. Defendants admit so much of paragraph 1 as alleges that Plaintiff has asserted pendent jurisdiction for separate State law claims. Defendants further admit so much of paragraph 2 as alleges venue is proper within the district of Oregon.

3. Defendants admit so much of paragraph 3 as alleges that Plaintiff is an adult currently residing in the Two Rivers Correctional Facility located in Pendleton, Oregon. Defendants admit so much of paragraph 4 as alleges that Grant County is a county in the State of Oregon.

4. Defendants admit so much of paragraph 5 as alleges that Sheriff Glenn Palmer was and still is the Sheriff and an elected official of Grant County.

5. Defendants admit paragraphs 6, 7 and 8 of the Complaint.

6. Defendants admit so much of paragraph 10 as alleges that Plaintiff was lodged in the Grant County Jail in August of 2013.

///
///

Page 2 - DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
(442015.0/21Sep16/d2/mp)

7. Defendants admit so much of paragraph 13 as alleges that Plaintiff was moved to an isolation cell where he could be monitored for a brief period of time, until mental health counselors determined Plaintiff was not suicidal.

8. Defendants admit so much of paragraph 17 as alleges that Plaintiff inflicted a minor wound to his wrist and he was immediately treated and released back to his cell.

9. Defendants admit paragraph 30 of the Complaint.

10. The answering Defendants, as the prevailing parties, will be entitled to attorney fees under 42 USC § 1988 and/or ORS 20.105.

# FOR THEIR FURTHER AND SEPARATE ANSWER, BY WAY OF AFFIRMATIVE DEFENSES, COME THESE ANSWERING DEFENDANTS AND ALLEGE:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

11. Plaintiff fails to state ultimate facts sufficient to constitute a claim for relief under either federal or state law.

### SECOND AFFIRMATIVE DEFENSE

12. Defendants, Glenn Palmer, Jackson Derosier, and Michael Alley, are immune to Plaintiff's claims for relief under the Doctrine of Qualified Immunity.

### THIRD AFFIRMATIVE DEFENSE

13. Defendants are immune to Plaintiff's claims because the claims are based upon the performance of or the failure to perform discretionary functions or duties.

### FOURTH AFFIRMATIVE DEFENSE
### (Adequate Remedies)

14. Plaintiff had adequate remedies under applicable administrative procedures.

### FIFTH AFFIRMATIVE DEFENSE
### (Substitution of Parties)

15. Plaintiff's claims against Sheriff Palmer, Deputy Derosier and Deputy Alley must be treated as claims against the entity itself. The Court should therefore dismiss claims against the officials in their official capacities as the claims are duplicative, redundant and frivolous.

### SIXTH AFFIRMATIVE DEFENSE
### (No Municipal Policy)

16. Grant County cannot be held liable because the conduct Plaintiff complains of was not performed pursuant to a municipal policy of Grant County.

### SEVENTH AFFIRMATIVE DEFENSE
### (Lack of Reckless Indifference)

22. Defendants affirmatively allege that they did not act with reckless indifference because they either lacked actual

intent to cause Plaintiff harm or their conduct was rationally related to legitimate governmental objectives which serve legitimate penological interests.

### EIGHTH AFFIRMATIVE DEFENSE
### (Prison Litigation Reform Act)

17. Plaintiff failed to exhaust grievance procedures and administrative remedies before commencing this action, which should therefore, be dismissed.

18. Alternatively, Plaintiff's damages and claims for attorney fees are limited as provided by the Prison Litigation Reform Act.

### NINTH AFFIRMATIVE DEFENSE
### (Lack of Subject Matter Jurisdiction over State Court Claims)

19. The Court should decline to exercise jurisdiction over Plaintiff's claim under state law.

### TENTH AFFIRMATIVE DEFENSE
### (Oregon Tort Claims Act)

20. Plaintiff may not recover damages under the Oregon Tort Claims Act because Plaintiff did not suffer economic damages. In the alternative, Plaintiff's damages are limited as provided by ORS 31.710.

///

///

**ELEVENTH AFFIRMATIVE DEFENSE**
(Substitution of Parties)

21.  ORS 30.265(3) (OTCA) provides that claims may be brought against the public body only and not individual officers and employees.  The statute further requires the substitution of the public body as the sole defendant.  Consequently, the state law claims against the individual defendants must be dismissed.

WHEREFORE, having fully answered Plaintiff's Complaint, the answering Defendants pray for relief as follows:  (1) Dismissal of Plaintiff's Complaint with Prejudice; (2) Award of costs, disbursements and reasonable attorney fees incurred in defending Plaintiff's claim; and such other relief that the Court deems just and necessary.

DATED this 21st day of September, 2016.

YTURRI ROSE LLP

_____
Bruno J. Jagelski, OSB #903049
Of Attorneys for Defendants

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 21st day of September, 2016, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Lynn S. Walsh, OSB No. 92495
209 SW Oak Street, Ste 400
Portland, OR 97204
  Of Attorney for Plaintiff

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF Registered Participants in the manner indicated:  None

YTURRI ROSE LLP

Bruno J. Jagelski, OSB # 903049
Of Attorney for Defendants

CERTIFICATE OF SERVICE

(442015.0/16Sep16/d1)