IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| DOUGLAS WILLIAMS, | Case No. 2:15-cv-01760-SU |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| GRANT COUNTY, SHERIFF GLENN PALMER, JACKSON DEROSIER, and MICHAEL ALLEY, | |
| Defendants. | |

SULLIVAN, United States Magistrate Judge:

Pro se plaintiff Douglas Williams, a prisoner at the Deer Ridge Correctional Institution in Madras, Oregon, brings this civil rights action against defendants Grant County, Sheriff Glenn Palmer, Jackson Derosier, and Michael Alley. Defendants move to compel plaintiff to respond

to their First Set of Interrogatories and First Request for Production. (Docket No. 68). For the following reasons, the Court GRANTS defendants' Motion to Compel.

## BACKGROUND

This action concerns an apparent suicide attempt that plaintiff made while on suicide watch as a detainee at the Grant County Jail in September 2013, and defendants' alleged deliberate indifference to plaintiff's mental health needs.

Plaintiff, represented by counsel, commenced this action on September 17, 2015. (Docket No. 1). On December 23, 2015, defendants served their First Set of Interrogatories and First Request for Production on plaintiff. Jagelski Decl. ¶ 2 (Docket No. 69). Plaintiff was not required to respond immediately to the discovery requests because the Court had stayed discovery pending defendants' Motion to Dismiss for Failure to State a Claim. (Docket Nos. 18 & 21). On September 12, 2016, the Court denied that Motion to Dismiss. (Docket No. 40). Because the Court had ruled on defendants' Motion, the discovery stay was no longer in effect, and defendants on September 13, 2016, wrote to plaintiff to request he respond to their discovery requests within 30 days. Jagelski Decl., Ex. 3 (Docket No. 69-3). Plaintiff did not respond to the discovery requests. On November 16, 2016, plaintiff's counsel moved to withdraw (Docket No. 47), which the Court granted on January 3, 2017 (Docket No. 54). Also on November 16, 2016, defendants moved to dismiss for lack of prosecution, in part based on plaintiff's failure to respond to the discovery requests. (Docket No. 45). The Court denied defendants' Motion to Dismiss, holding, "Defendants raise what is essentially a discovery dispute . . . . The proper response is to appeal to the Court's discovery dispute resolution procedures, or to move to compel." Op. & Order, at 4 (Docket No. 61).

On April 13, 2017, defendants again wrote to plaintiff, asking him to respond to their discovery requests. Jagelski Decl., Ex. 4 (Docket No. 69-4). In response, plaintiff wrote defendants several letters in which he directed defendants to documents that he had filed with the Court and that his former attorney had "put together," stated that he had provided defendants with copies of documents and asked for them back, and said that he could not answer the interrogatories because he never received them. *Id.*, Ex. 5, 6, 8 (Docket Nos. 69-5, 69-6, 69-8). Defendants again requested that plaintiff provide responsive documents (and not the documents already filed with the Court), and provided another copy of their interrogatories. *Id.*, Ex. 7 & 9 (Docket No. 69-7, 69-9).

On May 11, 2017, defendants moved to compel plaintiff to answer their First Set of Interrogatories (Docket No. 62), which the Court denied without prejudice on July 12, 2017, because defendants failed to comply with Local Rule 37-1's requirement that they provide the subject interrogatories along with their Motion (Docket No. 67).

On July 11, 2017, defendants deposed plaintiff. Jagelski Decl., Ex. 11 (Docket No. 69-11). There, plaintiff initially testified, regarding defendants' requests for production, that "I've sent you everything." *Id.*, Williams Depo., 53:7. However, plaintiff later testified that he in fact had additional documents that he had not given defendants, including "kite" forms and "suicide notes." *Id.*, 70:13-20, 72:2. These documents were in a box "at [plaintiff's] house out on the streets," but he had "no way of getting to [them] until [he was] out of prison." *Id.*, 70:18-24. Plaintiff then stated that the documents were in fact not at his house, but at "the place where [he] was staying," and that he did not know the address or even street name of the house. *Id.*, 70:22-24, 72:22-73:2. Further, plaintiff said that he did not have contact information for one "Mr. Martini" who would have access to the house. *Id.*, 72:22-73:2.

On August 9, 2017, defendants filed this Motion to Compel. (Docket No. 68). Defendants include the interrogatories and requests for production at issue. Jagelski Decl., Ex. 1 & 2 (Docket Nos. 69-1 & 69-2). Plaintiff failed to respond to defendants' Motion to Compel by the August 23, 2017, deadline.

## LEGAL STANDARD

Under Fed. R. Civ. P. 37(a)(3)(B)(iii) and (iv), a party may move for an order compelling answers to interrogatories or the production of requested documents.

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). "Failure to object to a discovery request within the time permitted by the Federal Rules of Civil Procedure, or within the time to which the parties have agreed, constitutes a waiver of any objection." L.R. 26-5(a). Motions to compel discovery requests must include the pertinent requests. L.R. 37-1.

## ANALYSIS

Defendants move to compel plaintiff to answer their First Set of Interrogatories and respond to their First Request for Production. Defendants include copies of the discovery requests with their Motion. Jagelski Decl., Ex. 1 & 2 (Docket Nos. 69-1 & 69-2). By not objecting to defendants' discovery requests, or opposing defendants' Motion to Compel, plaintiff has waived any objection to the requests. Accordingly, he must respond to the discovery requests. The Court has reviewed the requests and finds that they are relevant and proportional, pursuant to Fed. R. Civ. P. 26(b)(1).

As to defendants' requests for production, the dispute over whether defendant has provided all responsive documents he has, and the existence of additional possibly responsive documents at a house where plaintiff had stayed, to the extent these documents are in plaintiff's "possession, custody, or control," Fed. R. Civ. P. 34(a)(1), and responsive to defendants' requests for production, plaintiff must produce them.

As to defendants' interrogatories, and the dispute over whether plaintiff previously received copies of them, the Court need not presently decide whether plaintiff did previously receive copies of the interrogatories. The Court observes that plaintiff now has access to the interrogatories (attached to the Jagelski Declaration as Exhibit 2 (Docket No. 69-2)), and that he has previously demonstrated his ability to access CM/ECF, *see* Pl. Resp. to Mot. Dismiss (Docket No. 59). Plaintiff shall answer the interrogatories pursuant to this Opinion and Order.

## CONCLUSION

The Court GRANTS defendants' Motion to Compel. (Docket No. 68). Plaintiff shall answer defendants' First Set of Interrogatories and produce documents responsive to their First Request for Production.

IT IS SO ORDERED.

DATED this <u>25th</u> day of <u>August</u>, 2017.

<u>/s/ Patricia Sullivan</u>
PATRICIA SULLIVAN
United States Magistrate Judge