IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| DOUGLAS WILLIAMS,<br><br>        Plaintiff,<br><br>    v.<br><br>GRANT COUNTY, SHERIFF GLENN PALMER, JACKSON DEROSIER, and MICHAEL ALLEY,<br><br>        Defendants. | Case No. 2:15-cv-01760-SU<br><br>OPINION AND ORDER |

SULLIVAN, United States Magistrate Judge:

      Pro se plaintiff Douglas Williams brings this civil rights action against defendants Grant County, Sheriff Glenn Palmer, Jackson Derosier, and Michael Alley. This action concerns an apparent suicide attempt that plaintiff made as a detainee at the Grant County Jail in September 2013. Plaintiff alleges defendants were deliberately indifference to his mental health needs. Defendants moved for summary judgment on November 6, 2017. (Docket No. 71). Plaintiff

failed to oppose or respond to defendants' Motion. Plaintiff's whereabouts are unknown. On January 26, 2018, the Court issued an Order to Show Cause to plaintiff why it should not grant defendants' Motion for Summary Judgment and dismiss this case for plaintiff's failure to oppose defendants' motion and to prosecute the case. (Docket No. 78). Plaintiff did not respond to the Order within the 14-day deadline. The Court therefore GRANTS defendants' Motion for Summary Judgment, and DISMISSES this action with prejudice, for plaintiff's failure to oppose, to prosecute, and to respond to the Court's Order.

## BACKGROUND

Plaintiff, represented by counsel, commenced this action on September 17, 2015. (Docket No. 1). Following multiple motions (Docket Nos. 7, 42, 47), the Court on January 3, 2017, granted plaintiff's counsel's Motion to Withdraw due to plaintiff's failure to communicate with counsel (Docket No. 54). On November 16, 2016, defendants moved to dismiss for lack of prosecution (Docket No. 45), which the Court denied on April 6, 2017 (Docket No. 61).

On November 6, 2017, defendants filed the pending Motion for Summary Judgment. (Docket No. 71). The Court issued a Summary Judgment Advice Notice to plaintiff (Docket No. 73), which was returned as undeliverable on November 22, 2017 (Docket No. 74). Defendants attempted to serve plaintiff with the Motion for Summary Judgment at four addresses, including two prisons where plaintiff had been held, and at plaintiff's mother's address; all mailings were returned as undeliverable. Jagelski Decl. ¶¶ 2, 3 (Docket No. 75). Defendants retained a private investigator to attempt to locate plaintiff via his son and his parole officer, but were unable to find plaintiff by this means. *Id.* ¶¶ 4-6. Defendants also caused to be published notice of the Motion in two newspapers of general circulation in Grant and Marion Counties. *Id.* ¶¶ 7-8.

Despite these extensive efforts, plaintiff's location remains unknown. Plaintiff's response to defendants' Motion was due December 7, 2017.

The Court issued plaintiff its Order to Show Cause on January 26, 2018. (Docket No. 78). The Court stated that failure to respond would result in dismissal. *Id.* Plaintiff's response was due within 14 days of issuance. Plaintiff has filed no response. Mail sent to plaintiff at his Coffee Creek Correctional Facility address was returned as undeliverable on February 1, 2018. (Docket No. 80). Notice of the Order was sent to plaintiff's parole officer. (Docket No. 79).

## ANALYSIS

### I.     Dismissal of Plaintiff's Action for Failure to Respond and Prosecute

Plaintiff has failed to oppose or otherwise respond to defendants' Motion for Summary Judgment. This may be deemed consent to summary judgment and grounds for granting the Motion. *See Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994). It may also be deemed failure to prosecute, and a basis for dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999); Fed. R. Civ. P. 41(b). Failure to comply with the Court's Order to Show Cause further constitutes grounds to dismiss. *Townsel v. Contra Costa Cty., Cal.*, 820 F.2d 319, 321 (9th Cir. 1987); *W. Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1524 (9th Cir. 1990).

In determining whether to dismiss for failure to prosecute or comply with a court order, the court weighs five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

The five-factor test strongly favors dismissal in this case:

1. Expeditious resolution: "[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish*, 191 F.3d at 990. This action has been pending for over two years. Plaintiff's whereabouts are unknown. Mail to plaintiff has twice been returned as undeliverable. (Docket Nos. 74, 80). Plaintiff has not opposed a dispositive Motion for Summary Judgment. This factor favors dismissal.

2. Docket management: "It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants such as" plaintiff. *Pagtalunan*, 291 F.3d at 642. Plaintiff has not complied with the applicable scheduling rules or the Court's Order to Show Cause. This factor favors dismissal.

3. Prejudice to defendants: Plaintiff has "offered no clear explanations of what actions he . . . took during the relevant time period[]." *Pagtalunan*, 291 F.3d at 643. Plaintiff's "delay was unreasonable, and this factor weighs in favor of dismissal." *Id.*

4. Less drastic alternatives: The Court has already employed the less drastic alternative of issuing an Order to Show Cause. Plaintiff neglected his opportunity to take advantage of this alternative. The only course left for the Court is dismissal of the action, which the Court warned could occur in its Order. *See In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1229 (9th Cir. 2006). This factor favors dismissal.

5. Disposition on the merits: "Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal," *Pagtalunan*, 291 F.3d at 643, but only slightly. Plaintiff's failure to oppose defendants' Motion, respond to the Court's Order, and comply with the applicable rules severely impairs disposition on the merits. *See United States* ex rel. *Berglund v. Boeing Co.*, 835 F. Supp. 2d 1020, 1053-54 (D. Or. 2011).

Four factors favor dismissal, and one weighs against, but only weakly. The fifth factor alone cannot outweigh the other four. *In re Eisen*, 31 F.3d 1447, 1454 (9th Cir. 1994). The five-factor test thus strongly comes out in favor of dismissing this action for failure to oppose defendants' Motion, failure to prosecute, and failure to respond to the Court's Order.

## II. Defendants' Motion for Summary Judgment

Additionally, on the present record, defendants are entitled to prevail on their Motion for Summary Judgment because plaintiff has failed to create a genuine issue of material fact on any of his claims.

In his Complaint, plaintiff brings three causes of action:

(1) under 42 U.S.C. § 1983, against individual defendants Palmer, Derosier, and Alley, for alleged violations of plaintiff's rights under the Eighth Amendment, for alleged deliberate indifference to mental health needs in responding to a risk of suicide, Compl. ¶¶ 19-24;

(2) under § 1983, against defendant Grant County, for failing to implement proper policies and procedures regarding, and failing to properly train employees on, the needs of mentally ill and suicidal inmates, Compl. ¶¶ 19-24;

(3) for common law negligence, against defendant Grant County, for failure to provide plaintiff appropriate health care, failure to implement and enforce adequate policies and procedures on mental health, and failure to train employees on suicide prevention, *id.* ¶¶ 29-34.

In their Motion for Summary Judgment (Docket No. 71), defendants offer three arguments: that plaintiff's failure to exhaust administrative remedies, under the Prison Litigation Reform Act, 42 U.S.C. § 1997e, bar his § 1983 claims; that the individual defendants are entitled to qualified immunity because they did not violate any clearly established constitutional right in how they addressed plaintiff's claimed medical needs, or trained employees; and that the County

defendant is immune from suit under Or. Rev. Stat. § 30.265(5), deriving from the individual defendants' qualified immunity.  As support, defendants submit, *inter alia*, evidence of plaintiff's failure to pursue a formal grievance about jail conditions, *see* Wolf Decl., Ex 39 (Docket No. 72-3); evidence of plaintiff's medical screening and mental health treatment in the jail, *see* Jagelski Decl., Ex. 4-6, 16-17, 22-24 (Docket Nos. 71-5 - 7, 17-18, 23-25); and evidence of plaintiff's communications with jail employees, *id.*, Ex. 7-15 (Docket Nos. 71-8 - 16).

Plaintiff has failed to create genuine issues of material fact on any of his claims because he has not responded to defendants' Motion for Summary Judgment, or otherwise presented relevant and competent evidence in this action.  Thus, he has offered no factual support for any element of any claim: no evidence of his alleged mental health needs, of defendants' alleged deficient responses to or treatment of such needs, or of defendant's procedures, policies or training with regard to mental health or suicide risk.  Plaintiff has offered no factual support for any of his claims, and thus has failed to create a genuine issue of material fact on any claim.  Thus, defendants are entitled to prevail on their Motion for Summary Judgment.

## CONCLUSION

For these reasons, the Court GRANTS defendants' Motion for Summary Judgment, and DISMISSES this action with prejudice.

IT IS SO ORDERED.

DATED this 28th day of February, 2018.

/s/ Patricia Sullivan
PATRICIA SULLIVAN
United States Magistrate Judge